FILED
CLERK, U.S. DISTRICT COURT
5/21/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CDO___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2024 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 2:24-cr-00321-PA |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), (b)(1)(B)(vi): Distribution of Fentanyl; 21 U.S.C. § 853: Criminal Forfeiture] |
| GOVANI MUNOZ BAHENA and JOSE AGAPITO GOMEZ, | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

[DEFENDANT MUNOZ BAHENA]

On or about June 22, 2023, in Los Angeles County, within the Central District of California, defendant GOVANI MUNOZ BAHENA knowingly and intentionally distributed at least 40 grams, that is, approximately 164 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

```
 1                              COUNT TWO
 2          [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi); 18 U.S.C. § 2(a)]
 3                           [ALL DEFENDANTS]
```

On or about July 26, 2023, in Los Angeles and Orange Counties, within the Central District of California, defendants GOVANI MUNOZ BAHENA and JOSE AGAPITO GOMEZ, each aiding and abetting the other, knowingly and intentionally distributed at least 400 grams, that is, approximately 496.94 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of any defendant's conviction of any of the offenses set forth in Counts One and Two of this Indictment.

2. Any defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), any defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL

                                        _____/s/_____
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

ELIZABETH S.P. DOUGLAS
Assistant United States Attorney
Major Frauds Section